LEAH ASTON (15989)
LINCOLN TRIAL GROUP
*Attorney for Defendant*
921 W. Center Street
Orem, Utah 84057
Telephone: (801) 471-2426
lja@lincolntrialgroup.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | | |
|---|---|---|
| **JESSE MCDONALD**, | : | COMPLAINT |
| Plaintiff, | : | |
| | : | JURY DEMANDED |
| vs. | : | |
| | | Case No. 2:20-cv-00047-EJF |
| **EXPERIAN INFORMATION SOLUTIONS INC**; and **TRANSUNION LLC**, | : | |
| | : | Magistrate Judge Evelyn J. Furse |
| Defendant. | | |

## COMPLAINT

Mr. McDonald, by counsel, files this complaint against the above referenced defendants for their violation of the Fair Credit Reporting Act.

### PRELIMINARY STATEMENT

1. This is an action by a consumer seeking actual damages, statutory damages, and punitive damages, attorney fees and costs and for declaratory relief for defendants' violation of The Fair Credit Reporting Act (hereinafter "FCRA").

### JURISDICTION, VENUE and JURY DEMAND

2. This court has Federal Question jurisdiction, 28 U.S.C. §1331, and pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681p.

3. This is the proper venue because the plaintiff resides here, and the majority of the actions claimed happened within the confines of the District of Utah. 28 U.S.C. §1391(b) and (c).

4. The court has personal jurisdiction over the defendants because they regularly transact business here, such that they should expect to be hailed into court here.

5. TRIAL BY JURY IS DEMANDED. Fed.R.Civ.P. 38

## PARTIES

6. Plaintiff is a natural person and a resident of the state of Utah.

7. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(b) and (c).

8. Experian Information Services, Inc. (hereinafter "Experian") is a foreign company that does business in this Judicial District and has a registered agent in the state of Utah. Its principal place of business is the State of California and it is incorporated in Ohio.

9. Upon information and belief, Experian is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

   a. Public record information;
   
   b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

10. TransUnion, LLC (hereinafter "TransUnion") is an Illinois Limited Liability Company that does business in this Judicial District and has a registered agent in the state of Utah

11. Upon information and belief, TransUnion is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, TransUnion is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

   a. Public record information;

   b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## FACTS

12. Plaintiff filed chapter 7 bankruptcy in the District of Utah on April 5, 2018, case no. 18-22339. Plaintiff's debts were discharged on July 9, 2018.

13. Plaintiff subsequently requested and received a copy of his credit reports from Experian and TransUnion.

14. Plaintiff reviewed these credit reports and noticed that both the Experian and TransUnion credit reports contained errors.

15. Plaintiff communicated twice to Experian and TransUnion in writing via certified mail that each credit file contained multiple errors and that Experian and TransUnion were reporting inaccurate information. As proof, plaintiff attached copies of his discharge and

bankruptcy schedules. Plaintiff requested that Experian and TransUnion investigate the inaccuracies he reported and send him an updated credit report.

16. Plaintiff first sent dispute letters to Experian and TransUnion via certified mail on or about July 19, 2019. Although representatives for Experian and TransUnion each signed for and received their respective dispute letters, no responses were ever received by plaintiff.

17. Plaintiff then sent a second copy of the dispute letters to Experian and TransUnion via certified mail on or about September 14, 2019. Again, although representatives for Experian and TransUnion each signed for and received their respective second dispute letters, no responses were ever received by plaintiff.

18. On information and belief, TransUnion failed to have a procedure in place to assure maximum possible accuracy because the accounts in question should have been deleted/updated.

19. On information and belief, Experian failed to have a procedure in place to assure maximum possible accuracy because the accounts in question should have been deleted/updated.

20. On information and belief, TransUnion failed to conduct a reasonable reinvestigation of the tradeline and accounts, as if they had, they would have deleted or updated the accounts.

21. On information and belief, Experian failed to conduct a reasonable reinvestigation of the tradeline and accounts, as if they had, they would have deleted or updated the accounts.

22. As a result of the actions and inactions of the defendants, the plaintiff suffered damages,

including but not limited to mental and emotional distress.

## COUNT ONE:
## CLAIM FOR RELIEF
## 15 U.S.C. §1681e[B]

23. Plaintiff restates and re-alleges all previous paragraphs herein.

24. Defendants have violated 15 U.S.C. §1681e[B] in that they failed to maintain a procedure designed to assure maximum possible accuracy.

25. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

26. Defendants have done so either negligently or willfully.

27. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

28. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## COUNT TWO:
## CLAIM FOR RELIEF
## 15 U.S.C. §1681i[a]

29. Plaintiff restates and re-alleges all previous paragraphs herein.

30. Defendants have violated 15 U.S.C. §1681i[a][1] in that they failed to conduct a reasonable reinvestigation of the factual inaccuracies contained in plaintiff's credit file.

31. Defendants have violated 15 U.S.C. §1681i[a][2] in that they failed to forward all relevant information to the furnisher of information.

32. Defendants have violated 15 U.S.C. §1681i[a][4] in that they failed to consider all

relevant information provided by the consumer.

33. Defendants have violated 15 U.S.C. §1681i[a][5] in that they failed to delete information that was inaccurate or could not be verified.

34. Defendants have violated 15 U.S.C. §1681i[a][5][C] in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

35. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

36. Defendants have done so either negligently or willfully.

37. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

38. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

WHEREFORE, the plaintiff, by counsel moves for judgment in an amount to be determined by a finder of fact.

Dated this 24th day of January, 2020.

/s/ Leah J. Aston
LEAH J. ASTON
*Attorney for Plaintiff*

*Lincoln Trial Group*
lja@lincolnlaw.com
Counsel for Plaintiff
921 W. Center St
Orem, Utah 84057
801-701-8100